ORIGINAL

Wallace W. Hammons, Esq. (State Bar No. 213012)
Sean P. Paden, Esq. (State Bar No. 190396)
HAMMONS & ASSOCIATES, INC.
2601 Airport Drive, Suite 250
Torrance, California 90505
Telephone (310) 606-5400
Facsimile (310) 606-5401
whammons@hammonslegal.com
spaden@hammonslegal.com

**Attorneys for** Plaintiff/ Creditor/
JASON RANDALL, an individual

FILED
JUN 30 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MAX KUSNETZ, an individual,<br><br>Debtor.<br><br>―――――――――――――<br><br>JASON RANDALL, an individual<br><br>Plaintiff,<br>v.<br><br>MAX KUSNETZ, an individual,<br><br>Defendant. | Case No.: 8:21-bk-10754-SC<br>Chapter 7<br><br>Action filed: March 24, 2021.<br><br>**COMPLAINT TO DENY DISCHARGEABILITY OF DEBT**<br><br>**Adversary No.:** _____ |

### COMPLAINT TO DENY DISCHARGABILITY OF DEBT

COMES NOW, JASON RANDALL, an individual and Creditor in the above-styled Chapter 7 bankruptcy proceeding (hereinafter referred to as "RANDALL" or the "PLAINTIFF") appearing herein by and through its attorney of record, and files this it's Complaint to Deny Dischargeability of Debt and files this Complaint for Determination of Dischargeability of debt pursuant to 11 U.S.C.

1

**COMPLAINT**

§§523(a)(2)(A), 523(a)(4) and 523(a)(6), and pursuant to Federal Rules of Bankruptcy Procedure §§4007 and 7001(6), would show unto the Court the following:

1.

This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 157(a) and (b)(2)(e), (b)(2)(I) and (b)(2)(J) and § 1334 (b) and 11 U.S.C. § 523.

This is a court proceeding under 28 U.S.C. §§ 157(a) & 1334.

PLAINTIFF has standing to pursue this claim pursuant to 28 U.S.C. §§ 157(b)(2)(e), (b)(2)(I) and (b)(2)(J).

Venue is proper pursuant to 28 U.S.C. §1409(a) and the Local Rules of the United State Bankruptcy Court for the Central District of California as this matter relates to a pending bankruptcy filed by the debtor, MAX KUSNETZ (hereinafter "KUSNETZ" or the "DEBTOR").

PLAINTIFF consents to entry of final orders or Judgment by Bankruptcy Court, pursuant to FRCP 7008.

2.

PLAINTIFF is an adult resident of the State of California, and who did business with DEBTOR.

3.

DEBTOR is an adult resident citizen of the State of California, County of Orange and residing within the boundaries of the Central Judicial District of California, Santa Ana District, who may be served with process at 4801 Red Bluff Circle, Irvine CA 92604-2475. At all times alleged herein, DEBTOR was owner of, and doing business as, Riteway Auto Paint & Bodywork (hereinafter "RITEWAY"), a business formerly located at 17395 Mount Herrmann Street, Fountain Valley California 92708.

//

//

4.

At all times herein, PLAINTIFF was the owner of a 1966 Chevrolet El Camino, California License number 2S42944, Vehicle Identification Number 136806K193012 (the "Vehicle"). The Vehicle is considered a "classic" car and one which PLAINTIFF incurred considerable time and expense in refurbishing.

5.

As part of his ongoing efforts to improve the Vehicle, the PLAINTIFF delivered this vehicle to the DEBTOR, at the RITEWAY place of business, for the purpose of having his Vehicle repainted by DEBTOR, through his business, RITEWAY.

6.

Pursuant to PLAINTIFF's agreement, as set forth herein, KUSNETZ consented to store PLAINTIFF's vehicle on the RITEWAY's primary place of business, and PLAINTIFF consented to KUSNETZ having access to PLAINTIFF's vehicle for purpose of repainting said Vehicle once PLAINTIFF had made sufficient payments towards the repainting work. In furtherance of this agreement, as set forth herein, PLAINTIFF made payment of eight thousand five hundred dollars ($8,500) to KUSNETZ, through RITEWAY and is informed that all of the foregoing funds were deposited, either by RITEWAY or KUSNETZ

7.

After delivery of the Vehicle, PLAINTIFF learned that KUSNETZ's business, RITEWAY, had closed its doors and was no longer operating as a business. PLAINTIFF further learned that PPII, LLC (hereinafter "PPII"), the owner of the property where KUSNETZ/ RITEWAY's business was located, and where the Vehicle was initially stored (the "Property"), had evicted KUSNETZ/ RITEWAY and took possession of the Property. At no time did KUSNETZ inform PLAINTIFF of the closure of said business, nor did KUSNETZ inform PLAINTIFF that they were moving PLAINTIFF's Vehicle, nor did they advise PLAINTIFF of the location the Vehicle was moved to.

//

8.

Within the applicable limitations period as set forth under the laws of the State of California, PLAINTIFF demanded KUSNETZ return the Vehicle to him, but KUSNETZ refused to do so and has denied having possession of the Vehicle.

9.

PLAINTIFF has been informed by PPII that the Vehicle was not on the Property when the eviction was complete. PLAINTIFF has been further informed by PPII, and alleges herein on that basis, that the Vehicle is under the possession, custody, and control of KUSNETZ or that, in the alternative, that KUSNETZ exercised ownership of the Vehicle and sold it without PLAINTIFF's consent.

10.

The conduct of KUSNETZ removing the Vehicle from the business location of RITEWAY, as alleged herein, substantially interfered with RANDALL's use of his Vehicle, as he now no longer knows where the Vehicle is located and has no access to said Vehicle and has therefore been deprived of his personal property. The conduct of KUSNETZ holding onto and refusing to return the Vehicle substantially interfere with PLAINTIFF's use of said Vehicle and has deprived RANDALL of personal property.

11.

PLAINTIFF did not consent to the removal of any of the Vehicle from the location in which it was initially stored to its present location. Furthermore, PLAINTIFF does not consent to the continued holding of the Vehicle and has repeatedly demanded its return. As of the date of filing this Adversary Action, KUSNETZ has refused to comply with PLAINTIFF's Demand for return of the Vehicle.

12.

As a result of the conduct of KUSNETZ in converting PLAINTIFF's Vehicle to his own use, as alleged herein, PLAINTIFF has been damaged in an amount believed to exceed the sum of fifty-four thousand dollars ($54,000.00), representing the value of the Vehicle plus additional costs and expenses in recovery of the Vehicle, in an amount to be proven at Trial. PLAINTIFFS are further informed that the foregoing conduct in taking the personal property of PLAINTIFF constitutes

oppression, fraud, and malice under the laws of the State of California, entitling PLAINTIFF to an award of punitive damages in the amount of one hundred and fifty thousand dollars ($150,000).

13.

Based on the foregoing, PLAINTIFF contends that KUSNETZ's actions subject him to the tort of conversion under the laws of the State of California.

14.

PLAINTIFF would show that KUSNETZ violated the provisions of 28 U.S.C. Section (2)(A) in that Debtor received services and the extension of credit under false pretenses and fraud.

15.

PLAINTIFF would show that KUSNETZ is guilty of obtaining the Vehicle or disposing the Vehicle by false pretenses or fraud as KUSNETZ never owned the Vehicle in question and never had consent to dispose of it, in violation of 11 U.S.C. § 523(a)(2)(4). PLAINTIFF would further show KUSNETZ is guilty of fraud or defalcation while acting in a fiduciary capacity, or of larceny as it relates to the taking and refusal to return the Vehicle, in violation of 11 U.S.C. § 523(a)(4). PLAINTIFF would further show KUSNETZ is guilty of willful and malicious injury by the property.

16.

KUSNETZ should be denied a discharge for the Debt to PLAINTIFF based upon the allegations of paragraphs 1 through 15 above so as to allow Petitioner to collect same.

17.

PLAINTIFF should also be awarded judgment from KUSNETZ in the amount of $204,000 and all costs and a reasonable attorneys fee.

//

//

//

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF** prays that this Honorable Court will find this Complaint to Deny Dischargeability of Debt to be well taken and will deny the discharge of the debt as to Movant and further award Petitioner judgment against Debtor in the amount of $204,000 plus a reasonable attorneys' fee and all costs.

DATED, this 29TH day of June 2021.

Respectfully submitted,

**HAMMONS & ASSOCIATES, INC.**

By: _____
Wallace W. Hammons, Esq.
Sean P. Paden, Esq.
Attorneys for Plaintiff/ Creditor
JASON RANDALL, an individual

# CERTIFICATE OF SERVICE

I, Angela Castiglioni, do hereby certify that I have on this date mailed by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to:

Debtor:
Max Kusnetz
4801 Red Bluff Circle
Irvine, CA 92604-2475
Debtor

Attorney for Debtor:
Andrew S. Bisom
The Bislom Law Group
300 Spectrum Center Drive, Ste. 1575
Irvine CA 92618

Trustee:
Jeffrey I. Golden (TR)
Weiland Golden Goodrich LLP
P.O. Box 2470
Costa Mesa CA  92628-2470

DATED, this ___ day of July 2021.

_____
Angela Castiglioni

Hammons & Associates, Inc.
Original Not Signed