Andrew Bisom - SBN - 137071
BISOM LAW GROUP
300 Spectrum Center Drive, Ste. 1575
Irvine, CA 92618
714-643-8900
714-643-8901 (Fax)
abisom@bisomlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>**MAX KUSNETZ,**<br><br>　　　　Debtor. | Case No.: 8:21-bk-10754-SC<br><br>CHAPTER 7<br><br>**AMENDED MOTION TO REOPEN BANKRUPTCY CASE WITHOUT A HEARING [LBR 9013-1(q)]**<br><br>[No Hearing Required] |

　　　Max Kusnetz ("Movant") moves this Honorable Court for an order reponing his bankruptcy case to allow him to bring his motion to avoid lien under 11 U.S.C. §522(f) (Real Property).

I.　**STATEMENT OF FACTS**

　　　On March 24, 2021, Debtor filed his voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code. Jeffrey Golden was the duly appointed and acting trustee. The

Meeting of Creditors was held and concluded, and the Debtor received his discharge on July 12, 2021. The case was closed shortly thereafter.

Debtor is 85 years old and during the last few years has had to deal with the loss of his wife and his business. His only sources of income are social security and monthly household contributions from his son.

One of the assets of the bankruptcy estate was the Debtor's residence located at 4801 Red Bluff Circle, Irvine, CA 92604. Debtor's schedules estimated the property's value to be $1,100,000. It is encumbered by a 1st T.D. in favor of Specialized Loan Servicing, LLC in the amount of $616,070, the California Franchise Tax Board in the approximate amount of $306,572 and a judgment lien in favor of Greg Henke for $43,117. Debtor's Schedule C claimed a homestead exemption of 100% of the fair market value. Henke's lien impairs the Debtor's homestead exemption.

Debtor seeks to reopen his case for the limited purpose of filing a motion to avoid the Henke's judgment lien.

## II.    11 U.S.C. §350 ALLOWS THE COURT TO REOPEN A CLOSED CASE

There is no time limit by which a motion to reopen can be brought under §350 or Bankruptcy Rule 5010. Perhaps the most extreme example of the lack of a time limit may be found in *In re Dunning Bros. Co.*, 410 B.R. 877 (E.D. CA. 2009). In *Dunning*, the Court granted a motion to reopen a case that had been closed for 73 years to allow the trustee to administer unscheduled property and convey clear title.

The Court held that despite the passage of more than seven decades cause existed to reopen the case to administer the unscheduled asset. The Court did note that laches has sometimes been a basis for not reopening a case, citing a Ninth Circuit decision under the

Bankruptcy Act, *Hull v. Powell*, 309 F.2d 3 (9th Cir. 1962), however the law in the Ninth Circuit is that latches cannot be the basis for not opening a case under the Bankruptcy Code.

In *In re Staffer*, 306 F.3d 967 (9th Cir. 2002), the Ninth Circuit held that the question of laches was not relevant to the question of reopening a case under the Bankruptcy Code and had to be separately raised in subsequent substantive litigation within the reopened bankruptcy case. *Id.* At 972-973.

In *Staffer*, a creditor appealed the Bankruptcy Court's denial of his motion to reopen Debtor's bankruptcy case to file a complaint under 11 U.S.C. §523(a)(3)(B). The Bankruptcy Appellate Panel reversed holding that the question of whether the nondischargeability complaint was barred by laches was not properly addressed at the motion-to-reopen state and should instead be determined after the case was reopened.

The Ninth Circuit affirmed noting:

> Staffer also argues that the doctrine of laches bars Predovich from reopening the bankruptcy proceeding to litigate his nondischargeability complaint. He contends that Predovich's delay of six years after becoming aware of the closed bankruptcy case was unreasonable, and that he would be unduly prejudiced by the delay if required to litigate a §523(a)(3)(B) action at this late date.
>
> Staffer appears to argue both that laches bars the preliminary motion to reopen, and that laches bars the underlying §523(a)(3)(B) action that Predovich ultimately seeks to bring. The bankruptcy court collapsed the two questions into one. Under its reasoning, if the underlying action is barred by laches, a motion to reopen should not be granted. The BAP reached a contrary conclusion, citing *In re Menk*, 241 B.R. 896 (9th Cir. BAP 1999). It held that the question of whether Staffer could successfully assert the affirmative defense of laches to Predovich's nondischargeability action was an extraneous issue at the motion-to-reopen state, and was not properly addressed prior to the filing of the complaint. *Staffer*, 262 B.R. at 83 n.6. We agree with the BAP. *Id.* at 972.

Based upon the aforementioned points and authorities Movant respectively requests that this Court enter its order reopening his bankruptcy case.

BISOM LAW GROUP

Dated: October 1, 2021

_____
Andrew S. Bisom

PROOF OF SERVICE

(1013a, 2015.5 CCP)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 Spectrum Center Drive, Ste. 1575, Irvine, CA 92618

On October 1, 2021, I served the foregoing document described as: **AMENDED MOTION TO REOPEN BANKRUPTCY CASE WITHOUT A HEARING [LBR 9013-1(q]** ;
on the parties in the Action as follows:

[ X ]  **(BY THE COURT VIA NOTICE OF ELECTRONIC FILING "NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 1, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the person(s) identified above are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated above

- **Andrew S Bisom**    abisom@bisomlaw.com
- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **Avi Schild**    bk@atlasacq.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Robert P Zahradka**    rzahradka@nationalfunding.com

[ X ]  **(BY U.S. MAIL OR OVERNIGHT MAIL)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, CA. I am readily familiar with the practice of the BISOM LAW GROUP for collection and processing of correspondence for mailing, said practice being in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ X ]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on October 1, 2021, California.

*/s/ Andrew Bisom*
Andrew Bisom